UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ESTATE OF SILLES RAY HENEGAR | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-183 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE and UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE | ) | |
| NATIONAL APPEALS DIVISION | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendants' Motion to Dismiss, [Doc. 9], pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). On August 7, 2007, the plaintiff filed a complaint for declaratory judgment, [Doc. 1], alleging that the estate of Silles Ray Henegar ("the estate"), which owns property in Campbell County, Tennessee, is entitled to certain Tobacco Transition Pay Program ("TTPP") payments under the Fair and Equitable Tobacco Reform Act of 2004 ("the Act"). It further alleges that on July 26, 2005, the Anderson/Campbell Office of the Farm Service Agency ("FSA") determined that Jack Smith ("Mr. Smith") was an eligible tobacco producer on the estate's farm and was entitled to a share of the TTPP distribution payments. The estate appealed this decision to the United States Department of Agriculture National Appeals Division ("NAD").

On December 22, 2005, the NAD held a hearing, and on March 8, 2006, the

NAD hearing officer issued his appeal determination reversing the FSA's decision and awarding the entire distribution to the estate. On April 7, 2006, Mr. Smith requested a review of the appeal determination, and on July 3, 2006, the NAD director upheld the NAD hearing officer's determination.

On July 28, 2006, the estate filed an application for attorney's fees and expenses with the NAD pursuant to the Equal Access to Justice Act ("EAJA"). *See* 5 U.S.C. § 504 *et seq*. (2008). The NAD director notified the estate on August 7, 2006, via letter stating that because the Sixth Circuit Court of Appeals has not found the EAJA applicable to NAD proceedings, "NAD will not consider your application." Thus, the plaintiff seeks declaratory judgment in this Court to determine that the EAJA is applicable to NAD proceedings and that the estate is entitled to an award of attorney's fees and expenses pursuant to the EAJA.

The defendants facially attack subject matter jurisdiction; thus, this Court must accept the plaintiff's material allegations in the complaint as true. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Because lack of subject matter jurisdiction is a non-waivable, fatal defect, it may be raised by any party at anytime, including being raised *sua sponte* by this Court. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

The defendants argue that because the Court must accept the plaintiff's allegations as true and because the action is brought pursuant to the EAJA, the complaint must satisfy the EAJA's jurisdictional requirements. According to the defendants, the EAJA's statutory time limitations are a jurisdictional prerequisite to an award of fees. *Fanning, Phillips, and Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998); *Scott v. Nat'l Transp. Safety Bd.*, 114 F.3d 205-306-07 (D.C. Cir. 1997); *see Wagner v. United States and Dep't of Hous. and Urban Dev.*, 835 F. Supp. 953 (E.D. Ky. 1993). The defendants argue that the plaintiff did not file the appeal until after the 30-day time limit set forth in 5 U.S.C. § 504(c)(2)The plaintiff, however, argues that a determination of fees by the NAD had not been made; thus, the appeal was not untimely. Furthermore, the plaintiff argues that the defendants should be estopped from relying on the 30-day time limit because their refusal to consider the claim was in bad faith and in contravention of legal authority and public policy.

First, Title 5 United States Code section 504(a) of the Administrative Procedure Act ("APA") makes the EAJA subject to administrative adjudications. 5 U.S.C. § 504(a). Because this Court must accept the material allegations of the complaint as true, this Court will assume, for purposes of deciding this motion, that the EAJA applies to NAD proceedings. As such, the time limit set forth in section 504(c)(2) would apply in this case, and whether this time limit has been exceeded is the sole issue for the Court's consideration on this motion.

Section 504(c)(2) states in part:

> If a party other than the United States is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 U.S.C. § 504(c)(2). As stated above, the plaintiff argues that a "determination" of the fees and other expenses has not been made; thus, the 30-day limit does not apply. Exhibit C attached to the complaint, which is a letter from the NAD director dated August 7, 2006, states that because the Sixth Circuit has not determined whether the EAJA is applicable to NAD proceedings, the NAD will not consider the plaintiff's application.[1] No other inference can be drawn from this letter other than that the application for fees was denied. The plaintiff did not file this action appealing that decision until August 7, 2007, one year later.

This Court understands the plaintiff's argument that because it was a refusal to consider instead of a decision on the merits that it was not a determination for purposes of the statute. However, if this were not a determination, then the plaintiff could seek no other remedy or review of the decision. Furthermore, the

---

[1] According to the defendants' reply, [Doc. 12], the plaintiff sent the director a request for reconsideration, and on October 3, 2006, the NAD director sent a letter denying such request. The defendants' are correct in stating that because the plaintiff did not raise this issue in the complaint, it is outside of the Court's consideration on a motion pursuant to Rule 12(b)(1).

4

plaintiff has cited no authority to support its position that this is not a determination other than definitions of "determination," which are not particularly helpful.[2] The defendants have cited two cases which shed some light onto the issue of whether a determination was made, triggering the 30-day limit, and this Court has found no contrary authority.

In *Wagner v. United States and Department of Housing and Urban Development*, 835 F. Supp. 953 (E.D. Ky. 1993), *aff'd*, 43 F.3d 1473 (6th Cir. 1994), the district court decided that based on 24 C.F.R. § 24.314, a HUD hearing officer's decision was final unless the Secretary decides, within 30 days of receipt of request, to review the decision. *Id.* at 957. Because the 30 days passed without notification of granting review, the decision of the hearing officer was final and that date triggered the 30-day limit to seek judicial review pursuant to section 504(c)(2). *Id.* Thus, the plaintiff's request for judicial review, which was filed after the 30-day limit, was untimely. *Id.*

Similarly, the Federal Circuit decided in *J-I-J Construction Company, Inc. v. United States*, 829 F.2d 26 (Fed. Cir. 1987), that the agency decision did not have to be on the merits to trigger the 30-day time limit of section 504(c)(2). *Id.* at 28-29. That court further stated that the statutory language "'a determination of fees

---

[2]The plaintiff does cite three cases in which courts decided that the EAJA applied to NAD proceedings; however, that is not the issue before this Court. This Court is assuming that the EAJA applies to the NAD proceedings.

and other expenses'–is very wide, easily blanketing the full field of agency fee decisions. Nothing in the legislative history truly suggests that Congress had in mind any lesser coverage for that appeal period provided in the EAJA." *Id*. at 28. The court then stated that "the appeal period . . . applies to **all** fee rulings." *Id*. at 29 (emphasis added).

Based on this precedent, and the plain language of the statute, this Court FINDS that the plaintiff filed the appeal for judicial review outside of the 30-day time limit. Furthermore, this Court declines to estop the defendants from making the time-limit argument because it cannot find any bad faith on the part of the defendants for refusing to consider the plaintiff's application. The Sixth Circuit has yet to decide whether the EAJA applies to NAD proceedings, despite the rulings of the Eight and Ninth Circuits. Thus, this Court cannot find that the defendants acted in bad faith for refusing to apply law which the Sixth Circuit has yet to determine applies. For the foregoing reasons, it is hereby **ORDERED** that the defendants' motion is **GRANTED**, [Doc. 9], and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE